UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE (T.R.S.),<br><br>Plaintiff,<br><br>v.<br><br>WYNDHAM HOTELS AND RESORTS, INC., et al.,<br><br>Defendants. | Case No. 2:23-cv-01676-DAD-CSK<br><br>ORDER RE PLAINTIFF'S MOTIONS FOR PROTECTIVE ORDER AND TO PROCEED UNDER PSEUDONYM<br><br>(ECF No. 96) |

Plaintiff Jane Doe (T.R.S.) filed a motion for a protective order and motion to proceed under pseudonym.[1] (ECF No. 96.) A hearing was held via Zoom on October 7, 2025. Attorney Patrick Barrett appeared on behalf of Plaintiff. Attorney Melissa Reinckens appeared on behalf of Defendants Wyndham Hotels and Resorts, Inc. Wyndham Hotel Group, LLC and Days Inn Worldwide, Inc. (collectively "Wyndham Brand"); attorney Ellen Dew appeared on behalf of Defendant Marriott International, Inc. ("Marriott"); attorney John Poulos appeared on behalf of Defendant Campbell HHG Hotel Development, LP; and attorney Brian Gunn appeared on behalf Defendant Vitarag Hospitality, Inc. For the reasons that follow, the Court GRANTS Plaintiff's unopposed motion to proceed under pseudonym and GRANTS IN PART AND DENIES IN PART

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(1).

1

Plaintiff's motion for a protective order.

## I. LEGAL STANDARDS

Under the Federal Rules of Civil Procedure, motions for protective orders are governed by Rule 26(c). District courts have broad discretion to determine whether a protective order is appropriate and, if so, what degree of protection is warranted. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211-12 (9th Cir. 2002). Under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1).

"Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary." *Phillips ex rel. Ests. of Byrd*, 307 F.3d at 1210. "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Id*. at 1210-11. "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Id*.

## II. DISCUSSION

### A. Preliminary Issue

It was unclear from the briefing whether Defendants Campbell HHG and Vitarag opposed Plaintiff's motions as they did not provide their position in the joint statement, they were not referenced in the joint statement, and they only appear on the signatory page. *See generally* Jt. Stmt. (ECF No. 96). At the hearing, in response to the Court's questions, Defendants Campbell HHG and Vitarag confirmed that they were joining Defendants Wyndham Brand and Marriot's joint statement. In the future, Defendants Campbell HHG and Vitarag need to make their positions clear in the briefing.

### B. Plaintiff's Motion to Proceed Under Pseudonym

The Court GRANTS Plaintiff's unopposed motion to proceed under pseudonym.

Plaintiff is permitted to proceed under pseudonym through pre-trial proceedings. If this case proceeds to trial, the parties shall raise the pseudonym issue with the court to address how to proceed.

### C. Plaintiff's Motion for Protective Order

As an initial matter, the Court finds Plaintiff's motion for protective order is timely brought and rejects Defendant Marriot's argument to the contrary. Jt. Stmt. at 20; *see also* Fed. R. Civ. P. 26(c).

The parties confirmed at the hearing that the only issue in dispute regarding the parties' proposed Protective Order is Section VI.E.i regarding disclosure of Plaintiff's identity. *See* Jt. Stmt.; Draft Prot. Order (ECF No. 96-1).

The proposed Protective Order attaches as Exhibit A an Acknowledgment & Agreement to be Bound, which would be required to be signed by individuals receiving information designated "Confidential" or Plaintiff's Identity <u>before</u> the individual receives the Confidential information or Plaintiff's identity information. Draft Prot. Order § III.C ("prior to any disclosure"), § VI.E.i.

At the hearing, the Court and parties discussed how to balance Plaintiff's legitimate and genuine safety concerns as a sex trafficking victim with Defendants' ability to investigate, conduct discovery, and defend themselves. The Court addressed concerns raised by Plaintiff, Defendant Marriott, and Defendant Wyndham Brand, and proposed an alternative approach to use a different Acknowledgment & Agreement to be Bound for non-party fact witnesses. This separate Acknowledgment & Agreement to be Bound for non-party fact witnesses would remove the requirements that the individual receive, review, and agree to be bound by the Protective Order (paragraphs 3 and 4); consent to this district court's personal jurisdiction (paragraph 5); and sign under penalty of perjury (paragraph 6). It would also prohibit disclosing Plaintiff's identity in connection or relation to this lawsuit, rather than the broader prohibition against disclosing Plaintiff's identity.

Plaintiff and Defendant Marriott agreed with the Court's alternative approach, and

Defendant Wyndham Brand confirmed that the Court's alternative approach addressed its concerns regarding prohibiting non-party fact witnesses who may already know or are familiar with Plaintiff from disclosing Plaintiff's identity. Defendants Campbell HHG and Vitarag did not raise any objection to the Court's alternative approach.

As discussed at the hearing, the Court therefore orders as follows:

1. A separate Acknowledgment & Agreement to be Bound shall be required for non-party fact witnesses and their counsel;

2. This separate Acknowledgment & Agreement to be Bound shall remove Paragraphs 3, 5, and 6 in the Acknowledgment & Agreement to be Bound attached as Exhibit A to the proposed Protective Order (ECF No. 96-1 at 17-18);

3. The separate Acknowledgment & Agreement to be Bound shall modify Paragraph 4 in the Acknowledgment & Agreement to be Bound attached as Exhibit A to the proposed Protective Order (ECF No. 96-1 at 17) to state as follows: "I agree I will not use or disclose to anyone Plaintiff's Identity in connection or in relation to this lawsuit."

The Court finds this alternative approach as outlined above properly balances the public and private interests and are consistent with other courts that have granted broader protection. *See Phillips ex rel. Ests. of Byrd*, 307 F.3d at 1210; *see also J.C. v. Choice Hotels Int'l, Inc.*, Case No. 3:20-cv-00155-WHO, ECF No. 129 (N.D. Cal. Apr. 13, 2021) (granting a pre-trial protective order as to the identity of plaintiff which includes an agreement to be bound by the protective order); *Doe (R.A.) v. Best W. Int'l, Inc.*, 2024 WL 4500846, at *3 (S.D. Ohio Oct. 16, 2024) (granting plaintiff's motion for protective order requiring, in part, fact witnesses sign a Non-Disclosure Agreement limiting disclosure of the plaintiff's identity prior to receiving information).

Accordingly, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's motion for protective order. The parties shall meet and confer and submit a modified

1 | protective order consistent with the Court's order within fourteen (14) days from the date
2 | of this order.

**III.    ORDER**

In accordance with above, IT IS HEREBY ORDERED:

1. Plaintiff's unopposed motion to proceed under pseudonym is GRANTED.
2. Plaintiff's motion for protective order is GRANTED IN PART AND DENIED IN PART as outlined above;
3. The parties shall meet and confer and submit a modified protective order consistent with the Court's order within fourteen (14) days from the date of this order; and
4. This order resolves ECF No. 96.

Dated:  October 8, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, doe1676.23