UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE (T.R.S.),<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>WYNDHAM HOTELS AND RESORTS, INC., et al.,<br><br>　　　　　　Defendants. | Case No. 2:23-cv-01676-DAD-CSK<br><br>ORDER GRANTING MODIFIED STIPULATED PROTECTIVE ORDER<br><br>(ECF No. 102) |

The Court has reviewed the parties' stipulated protective order below (ECF No. 102), and finds it comports with the relevant authorities and the Court's Local Rule. *See* L.R. 141.1. Finding good cause, the Court APPROVES the protective order, subject to the following clarification.

The Court's Local Rules indicate that once an action is closed, it "will not retain jurisdiction over enforcement of the terms of any protective order filed in that action." L.R. 141.1(f); *see Bylin Heating Sys., Inc. v. Thermal Techs., Inc.*, 2012 WL 13237584, at *2 (E.D. Cal. Oct. 29, 2012) (noting that courts in the district generally do not retain jurisdiction for disputes concerning protective orders after closure of the case). Thus, the Court will not retain jurisdiction over this protective order once the case is closed.

Dated:  November 3, 2025

_____

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, doe1676.23

1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| JANE DOE (T.R.S.), | Case No. 2:23-cv-01676-DAD-CSK |
| Plaintiff, | Hon. Dale A. Drozd |
| vs. | |
| WYNDHAM HOTELS AND RESORTS; VITARAG HOSPITALITY, INC.; MARRIOT INTERNATIONAL, INC. D/B/A COURTYARD BY MARRIOT SAN JOSE CAMPBELL; CAMPBELL HHG HOTEL DEVELOPMENT, LP; DAYS INN WORLDWIDE, INC.; and WYNDHAM HOTEL GROUP, LLC, | **PROTECTIVE ORDER** |
| Defendants. | |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and its inherent authority, the Court hereby orders the entry of the following Protective Order in this matter.

## I.    DEFINITIONS

A. "Action" means Jane Doe (T.R.S.) v. Wyndham Hotels and Resorts, et al., No. 2:23-cv-01676 DAD CSK, presently pending in the Eastern District of California, Sacramento Division.

B. "Party" means any party named in this Action that has not been dismissed.

C. "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party in this Action.

D. "Plaintiff's Identity" means the Plaintiff's personally identifiable information, including: (i) names and aliases used by Plaintiff at any time; (ii) Plaintiff's date of birth; (iii) Plaintiff's social security number; (iv) Plaintiff's current and prior residential addresses; (v) Plaintiff's phone numbers and social media or online user account names; (vi) Plaintiff's identifying physical attributes, including biometric data; and (vii) media showing Plaintiff's unique physical attributes or her voice, and (viii) the names of Plaintiff's biological or adoptive parents, and biological siblings.

E. "Confidential Information" means Discovery Material (regardless of how it is generated, stored or maintained) or tangible things that contain: (i) Plaintiff's Identity; (ii) Plaintiff's medical records; (iii) personal identifying information; (iv) sensitive financial information; (v) any trade secret, proprietary information, confidential research, development, commercial, or competitively sensitive information, as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure; and (vi) any material prohibited from disclosure by statute or Court Order but is nonetheless

discoverable.

F.  "Designating Party" means a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery and marks as "CONFIDENTIAL."

G.  "Discovery Material" means all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated by the Designating Party in connection with discovery in this case.

H.  "Outside Counsel" means attorneys who are not employees of a Party but are retained to represent or advise a Party to the Action, and persons who are employees, partners, or shareholders of a law firm that represents or has appeared on behalf of a Party in this action.

I.  "In-House Counsel" means Attorneys who are employees of a Party.

J.  "Counsel" (without qualifier) means Outside Counsel and In-House Counsel (as well as their support staffs).

K.  "Final Disposition" means the later of (i) dismissal of all claims and defenses in this Action, with or without prejudice; or (ii) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

L.  "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

M. "Protected Material" means any Discovery Material that is designated "CONFIDENTIAL" as provided for in this Order.

N.  "Receiving Party" means any Party or Non-Party who receives Discovery Material from a Producing Party.

## II.    II. SCOPE AND DURATION

A. The protections conferred by this Order cover not only Discovery Material but also (i) any information extracted from Discovery Material; (ii) all copies, excerpts, summaries, or compilations of Discovery Material; and (iii) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Discovery Material.

B. The protections conferred by this Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

C. Attorney work product may be used in subsequent litigation, provided that such use does not disclose Protected Materials, or any information contained therein. Further, this Protective Order does not prohibit counsel from using in future proceedings affidavits or transcripts of testimony at depositions, hearings, or trials solely to assist in the recollection of testimony or for the impeachment of a witness, provided that any Confidential Information contained in such affidavit or transcript is redacted or otherwise not disclosed to persons who are not authorized by this Protective Order to receive it.

## III. USE AND DISCLOSURE

A. All information designated "CONFIDENTIAL" shall be used solely for the purposes of the above-captioned litigation between the Parties. Nothing herein shall restrict the use of Protected Material of the Producing Party by the Producing Party. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Protected Material must be stored and maintained at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

B. Unless otherwise ordered by the court or permitted in writing by the

Designating Party, a Receiving Party may only disclose Confidential Information or Protected Material to:

    i.    The Parties to this litigation including the current employees, officers, and representatives of the Parties as needed to litigate any claims or defenses;

    ii.    Former employees, officers, and representatives of the Parties who execute the Acknowledgment and Agreement to Be Bound attached to this Order as Exhibit A;

    iii.    Experts, investigators, contractors, consultants, and professional vendors retained by the Parties or their Counsel to whom disclosure is reasonably necessary for this litigation and who execute the Acknowledgment and Agreement to Be Bound attached to this Order as Exhibit A;

    iv.    Any of the Receiving Party's Counsel in this Action;

    v.    Adjusters and claims professionals of an insurer of a Party and counsel for such insurer of a Party as needed to litigate any claims or defenses in this Action so long as a representative with authority to bind the insurer executes the Acknowledgement and Agreement to Be Bound attached to this Order as Exhibit A on behalf of the insurer, its adjusters, and claims professionals;

    vi.    The Court and Court personnel;

    vii.    Court reporters, recorders, and videographers engaged for depositions;

    viii.    Any mediator appointed by the Court or jointly selected by the Parties who executes the Acknowledgment and Agreement to Be Bound attached to this Order as Exhibit A;

    ix.    The author or recipient of a document containing Confidential Information or Protected Material or a custodian or other person who

otherwise possessed or knew the information;

    x.   Government agencies and agency personnel who have executed the Acknowledgment & Agreement to Be Bound attached to this Order as Exhibit A, but only to the extent that the disclosure of Confidential Information or Protected Material is necessary to litigate any claims or defenses or to comply with any obligations or requirements;

    xi.   In the course of a deposition, any Non-Party deponent and such Non-Party deponent's counsel may be shown Confidential Information or Protected Material if the Non-Party deponent and the Non-Party deponent's counsel first execute the Acknowledgment & Agreement to Be Bound attached to this Order as Exhibit A, provided that any such Non-Party deponent and his or her counsel may not retain any documents containing Confidential Information following the deposition;

    xii.   Such other persons as hereafter may be designated by written agreement in this Action or by order of the Court and who execute the Acknowledgment & Agreement to Be Bound attached as Exhibit A.

C. Prior to any disclosure of Discovery Material marked "Confidential" to any person required by this Order to execute the Acknowledgement & Agreement to Be Bound attached as Exhibit A, such person shall be provided a copy of this Protective Order and shall sign the Acknowledgement & Agreement to Be Bound, in the form annexed as Exhibit A hereto stating that that person has read this Order and agrees to be bound by its terms. Counsel shall retain each signed Acknowledgement & Agreement to Be Bound, and produce it to opposing counsel prior to such person being permitted to testify at deposition or trial.

D. In the event that an attorney of record for a Party desires that Protected

Material be disclosed to anyone beyond that which is allowed in this Order, the Parties shall confer in good faith and attempt to resolve the matter; if no agreement can be reached, the matter shall be referred to the Court for resolution. If an agreement is reached, or the Court decides that the document(s) or information shall be disclosed, the person to whom disclosure is to be made shall execute an Acknowledgement & Agreement to Be Bound.

E. Before filing Protected Material or discussing or referencing Protected Material in court filings, the filing party shall confer with the Designating Party to determine whether the Designating Party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the Designating Party must identify the basis for sealing the specific Protected Material at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## IV. DESIGNATING PROTECTED MATERIAL

A. Except as otherwise provided in this Order or as otherwise stipulated or ordered, disclosure or documents and things that qualify for protection under this Order must be clearly designated before or when the material is disclosed or production.

B. For information produced in documentary form (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the word "CONFIDENTIAL" to each page that contains Confidential Information. Documents produced in native electronic format (such as

Microsoft Excel files) shall have a confidentiality designation affixed to the corresponding placeholder slipsheet image. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

C.  For testimony given in deposition or in a pre-trial hearing, the Parties may agree on the record during the deposition or pre-trial hearing that testimony in that proceeding will or will not be treated as Confidential Information. If a Party requests on the record during a deposition or pre-trial hearing that said testimony be provisionally treated as Confidential Information, then said deposition or hearing testimony shall be treated as Confidential Information until thirty (30) days after the transcript is delivered by the court reporter to each Party's Outside Counsel of Record. Within the 30-day period following the court reporter's delivery of the transcript, any Party may serve a Notice of Designation to all other Parties as to specific portions of the testimony that shall be designated as Confidential Information. After the 30-day period, only those portions identified in any Notice of Designation shall be protected by the terms of this Order. The Parties may agree to a reasonable extension of the 30-day period for designation. Parties shall endeavor to give the other Parties notice if they reasonably expect a deposition, hearing, or other proceeding to implicate Confidential Information or Protected Material.

D.  When producing other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

E.  In the event that a Producing Party fails to stamp or otherwise designate a

document or other information as confidential at the time of its production, that Producing Party may do so thereafter on notice to all of the Receiving Parties; provided however, that the Receiving Party shall not be liable for any disclosure or use of such information that may have occurred prior to receiving notice of the confidential designation. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Party shall return or securely destroy, at the Designating Party's option, all Discovery Material that was not designated properly.

F.  If a Designating Party learns that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

## V. CHALLENGING CONFIDENTIALITY DESIGNATIONS

A.  A Receiving Party shall not be obligated to challenge the propriety of any "CONFIDENTIAL" designation by the Designating Party of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

B.  Any challenge to a confidentiality designation of the Designating Party's Discovery Material under this Order shall be written, shall be served on Counsel for the Designating Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

   i.  The Receiving Party shall have the burden of conferring either in person, in writing, or by telephone with the Designating Party in a good faith effort to resolve the dispute. The Designating Party shall have the burden of justifying the disputed designation.

    ii.   The entry of this Order shall not preclude or prejudice either the Designating Party or the Receiving Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.

    iii.   Notwithstanding any challenge to a designation, the Protected Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Designating Party withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation. In the event that a Designating Party withdraws a confidentiality designation or the Court rules that the Discovery Material in question is not entitled to the designation, the Designating Party shall promptly reproduce the information in question with the appropriate confidentiality designation, if any, as applicable.

## VI. REDACTION AND USE OF PLAINITFF'S IDENTITY

A. The Parties may designate as "Confidential - True Identity" any documents, testimony, written responses, or other materials produced in this case if the producing Party has a good faith basis for asserting that they contain information, data, or tangible items that reflect Plaintiff's Identity. All procedures laid out in this Order regarding the use and filing of Protected Material govern Plaintiff's Identity.

B. During the pre-trial proceedings in this litigation and in any public filing, the Parties will either redact Plaintiff's Identity or use the pseudonym "T.R.S." in place of Plaintiff's Identity.

C. Within five days of the entry the filing of this Order by the Court, Plaintiff shall provide Defendants, through their Counsel, with (1) Plaintiff's full

name, maiden name, and all aliases or nicknames; (2) Plaintiff's date of birth; (3) Plaintiff's social security number, (4) Plaintiff's current address and any prior addresses, and (5) Plaintiff's alleged trafficker(s)'s full name(s) and all aliases or nicknames.

D. Nothing in this Order shall prevent a Party from requesting from Plaintiff during the course of discovery any other information that is linked or linkable to Plaintiff's Identity or her trafficker(s) or her/their associates, such as, but not limited to, any medical, educational, financial, employment, or other information. Nothing in this Order relieves Plaintiff of the obligation to produce any discoverable documents, information that Plaintiff would otherwise be required to produce in the normal course of discovery, or information Plaintiff intends to rely on at trial. The protections conferred by this Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

E. Access to "PLAINTIFF'S IDENTITY" information shall be limited to those identified and described in Paragraph III.B above, as well as the following:

   i. Any potential, anticipated, or actual fact witness, and their counsel, who execute the Acknowledgment and Agreement to Be Bound attached to this Protective Order as Exhibit B, but only to the extent Plaintiff's Identity will assist the witness in recalling, relating or explaining facts, except that Plaintiff's Identity must not be disclosed to Plaintiff's known trafficker(s) or Plaintiff's traffickers' known affiliate(s), unless the Parties follow the procedures in paragraph VI.E(ii) below;

   ii. Plaintiff's known trafficker(s) and/or Plaintiff's trafficker(s)'s known affiliate(s) and their counsel, but only after providing 14-day notice to the Plaintiff of the intention to contact the trafficker to permit Plaintiff

to seek further protection from the Court should it be necessary. The Plaintiff's Identity will be revealed to the trafficker and/or associates only to the extent necessary to assist in their recollection of Plaintiff and her trafficking history. Plaintiff's and Plaintiff's family's physical location will never be disclosed to Plaintiff's trafficker and/or the trafficker's associates.

F.  Plaintiff represents that, consistent with her privacy concerns, it is her intent not to disclose her identity or image in relation to the status of this matter or the underlying allegations on social media or with any media outlet while the case is pending. The identity and image protections provided to Plaintiff in this Order may become inapplicable if Plaintiff does disclose her identity or image in relation to the underlying allegations on social media or with any media outlet while the case is pending. If Defendants become aware of any public disclosure of Plaintiff's Identity in conjunction with this Action by Plaintiff or her counsel, Defendants may apply to the Court for relief from the restrictions imposed in this Protective Order related to non-disclosure of Plaintiff's Identity.

**VII. SUBPOENAS OR COURT RECORDS**

If a Receiving Party receives a subpoena or other compulsory process (e.g., court order) from any court or other arbitral, administrative, or legislative body commanding the production of Protected Material, the Party to whom the subpoena or other request is directed shall:

A.  Give prompt written notice thereof, including a copy of the subpoena or other compulsory process, to the Designating Party and its Counsel within seven (7) days to allow the Designating Party an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena or other compulsory process.

B. Promptly notify in writing the Party who caused the subpoena or other compulsory process to issue that some or all of the covered material is subject to this Order. Such notification shall include a copy of this Order.

C. Redact Plaintiff's Identity prior to any production in response to the subpoena or other compulsory process.

## IX. INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER

A. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures; (2) use its best efforts to retrieve all unauthorized copies of the Protected Material; (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (4) request that such person or persons execute Exhibit A or Exhibit B.

B. Unauthorized or inadvertent disclosure does not change the status of Protected Material or waive the right to hold the disclosed document or information as Confidential Information.

## X. INADVERTENT PRODUCTION OF SUBSEQUENTLY CLAIMED PRIVILEGED INFORMATION

A. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The Parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

13

B. Upon discovery that a document has been inadvertently produced that the Producing Party believes is subject to a claim of privilege or other protection, the Producing Party must notify the Receiving Party within thirty (30) days of that discovery, in writing, asserting the attorney-client privilege, work product protection, or other applicable privilege or protection with respect to disclosed materials.

C. The Receiving Party must—unless it contests the claim of privilege or protection in accordance with this Order—within fourteen (14) days of receipt of that writing and: (i) return, delete, or destroy all copies of the inadvertently disclosed material; and (ii) provide a certification that all materials were returned or destroyed.

## XI. MISCELLANEOUS

A. <u>Modification</u>. Nothing in this Order abridges the right of any Party to seek its modification by the Court in the future. By stipulating to or complying with this Order, the Designating Party does not waive the right to argue that certain Protected Material may require additional or different confidentiality protections than those set forth herein. Furthermore, this Order is subject to modification sua sponte by Court order.

B. <u>Termination of Matter and Retention of Jurisdiction</u>. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Disposition of the above-captioned matter. The Court shall retain jurisdiction after Final Disposition of this matter to hear and resolve any disputes arising out of this Order.

C. <u>Return of Documents</u>. Within sixty (60) days after the Final Disposition of this case, all documents designated as Protected Material under this Order, including copies thereof, shall be returned to the Producing Party unless: (1) the document has been offered into evidence or filed without restriction as to

disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the Receiving Party, that party elects to destroy the documents and certifies to the Producing Party that it has done so.

D. All Parties that have received any such Protected Material shall, upon request by the Designating Party, certify in writing that all Protected Material has been returned to the Designating Party's Counsel or destroyed. Notwithstanding the foregoing, Counsel for each Party may retain the following documents: (1) all documents filed with the court, including but not limited to, pleadings, briefs, memoranda, motions; (2) all trial, hearing, and deposition transcripts, including exhibits; and (3) correspondence, attorney work product, expert reports, and consultant and expert work product, even if such materials contain confidential material.

E. <u>Successors</u>. This Order shall be binding upon the Parties, their Outside Counsel, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

F. <u>Right to Assert Other Objections</u>. Designating Party does not waive any right it otherwise would have in this action to claim that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding. Similarly, neither Party waives any right to object on any grounds to the use in evidence of any Protected Material covered by this Order.

G. <u>Burdens of Proof</u>. Notwithstanding anything to the contrary herein, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery

Material is confidential, whether disclosure should be restricted, and if so, what restrictions should apply.

**IT IS SO ORDERED** this _____ day of _____, 2025.

1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10  JANE DOE (T.R.S.), | Case No. 2:23-cv-01676-DAD-CSK |
| 11        Plaintiff, | Hon. Dale A. Drozd |
| 12        vs. | **PROTECTIVE ORDER** |
| 13  WYNDHAM HOTELS AND RESORTS; | |
| 14  VITARAG HOSPITALITY, INC.; MARRIOT INTERNATIONAL, INC. | Trial Date:        None Set |
| 15  D/B/A COURTYARD BY MARRIOT SAN JOSE CAMPBELL; CAMPBELL | Action Filed:      8/11/2023 |
| 16  HHG HOTEL DEVELOPMENT, LP; DAYS INN WORLDWIDE, INC.; and | |
| 17  WYNDHAM HOTEL GROUP, LLC, | |
| 18        Defendants. | |

19
20

<u>**EXHIBIT A TO PROTECTIVE ORDER**</u>
<u>**ACKNOWLEDGMENT & AGREEMENT TO BE BOUND**</u>

21

22      I, _____, declare that:

23

24      1.    My address is _____,

25      and the name and address of my present employer is

26

27      _____.

28

2.      My title is _____.

3.      I have received a copy of the Protective Order in the above-captioned lawsuit.

4.      I have carefully read and understand the provisions of the Protective Order, agree to be bound by them, and specifically agree I will not use or disclose to anyone any of the contents of any Confidential Information or Plaintiff's Identity received under the protection of the Protective Order in violation thereof.

5.      I consent to the exercise of personal jurisdiction by this Court, the United States District Court for the Eastern District of California, Sacramento Division, in connection with this Acknowledgment & Agreement to be Bound, and my obligations under the Protective Order.

6.      I declare under penalty of perjury that the facts stated above are true and correct.

Executed this ___ day of _____ 20___ in the State of _____.


By: _____
(SIGNATURE)

1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE DOE (T.R.S.), | Case No. 2:23-cv-01676-DAD-CSK |
| Plaintiff, | Hon. Dale A. Drozd |
| vs. | |
| WYNDHAM HOTELS AND RESORTS; VITARAG HOSPITALITY, INC.; MARRIOT INTERNATIONAL, INC. D/B/A COURTYARD BY MARRIOT SAN JOSE CAMPBELL; CAMPBELL HHG HOTEL DEVELOPMENT, LP; DAYS INN WORLDWIDE, INC.; and WYNDHAM HOTEL GROUP, LLC, | **PROTECTIVE ORDER** |
| | Trial Date:       None Set |
| | Action Filed:   8/11/2023 |
| Defendants. | |

<u>**EXHIBIT B TO PROTECTIVE ORDER**</u>
<u>**ACKNOWLEDGMENT & AGREEMENT TO BE BOUND**</u>

I, _____, declare that:

    7.    My address is _____,

and the name and address of my present employer is

_____.

PROTECTIVE ORDER
CASE NO. 2:23-CV-01676-DAD-CSK

8.      My title is _____.

9.       I agree I will not use or disclose to anyone Plaintiff's Identity in connection or in relation to this lawsuit.

10.

Executed this ___ day of _____ 20___ in the State of _____.

                                                   By: _____
                                                   (SIGNATURE)